UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE A. HAMMOND,

        Plaintiff,                CIVIL ACTION NO. 15-cv-12959

        v.                               DISTRICT JUDGE MATTHEW F. LEITMAN

COMMISSIONER OF               MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Steve A. Hammond seeks judicial review of Defendant Commissioner of Social Security's determination that he is not entitled to social security benefits for his physical impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 14) and Defendant's Motion for Summary Judgment (docket no. 16). The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 3.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

I.      **RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 14) be DENIED and Defendant's Motion for Summary Judgment (docket no. 16) be GRANTED.

## II.     PROCEDURAL HISTORY

Plaintiff filed applications for a period of disability and disability insurance benefits with a protective filing date of March 26, 2013, alleging that he had been disabled since January 29, 2013, due to a broken ankle and foot and blood clots in his leg.  (TR 55, 59.)  The Social Security Administration denied Plaintiff's claims on August 7, 2013, and Plaintiff requested a *de novo* hearing.  (TR 10.)  On December 29, 2014, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) Lisa Leslie.  (TR 26-53.)  In a March 9, 2015 decision, the ALJ found that Plaintiff was not entitled to benefits because he was capable of performing a significant number of jobs in the national economy.  (TR 10-20.)  The Appeals Council declined to review the ALJ's decision (TR 1-4), and Plaintiff commenced this action for judicial review.  The parties then filed cross motions for summary judgment, which are currently before the Court.

## III.    HEARING TESTIMONY AND MEDICAL EVIDENCE

In his brief, Plaintiff set forth the procedural history of this matter but does not summarize the medical evidence or the hearing testimony.  (Docket no. 14.)  Defendant, in addition to adopting the ALJ's recitation of the facts, also provided a summary of the medical evidence.   (Docket no. 16 at 2-12.)   There are no material inconsistencies among the aforementioned accounts of the record; therefore, the undersigned will incorporate the factual recitations by reference.  Additionally, the undersigned has conducted an independent review of Plaintiff's medical record and the hearing transcript and will include comments and citations as necessary throughout this Report and Recommendation.

## IV.    ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the original alleged onset date of January 29, 2013, and that Plaintiff suffered from the following severe impairments: status post fracture of the ankle and foot, and chronic venous insufficiency. (TR 12.) Plaintiff's cardiac and respiratory issues were considered and deemed non-severe impairments. (TR 12-13.) Next, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR 13.) The ALJ then found that Plaintiff had the following RFC:

> [C]laimant has the residual functional capacity to perform medium work as defined in 20 C.F.R. 404.1567(c) except the claimant can frequently climb stairs or ramps, balance, stoop, kneel, crouch, or crawl, and can occasionally climb ladders. Ropes or scaffolds.

(TR 13.) Subsequently, in reliance on the VE's testimony, the ALJ determined that Plaintiff was not able to perform any past relevant work, but was capable of performing a significant number of jobs in the national economy. (TR 18-19.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from January 29, 2013, through the date of the decision. (TR 20.)

## V.    LAW AND ANALYSIS

### A.    Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*,

305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

**B.  Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)  Plaintiff was not presently engaged in substantial gainful employment; and

(2)  Plaintiff suffered from a severe impairment; and

(3)  the impairment met or was medically equal to a "listed impairment;" or

(4)  Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be

4

deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

### C. Analysis

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed and remanded under sentence four because (1) the substantial evidence of record does not support the ALJ's RFC finding that Plaintiff can perform sustained work activities at a limited medium exertional level. (Docket no.

5

14 at 3-10.) Alternatively, Plaintiff asserts that this matter should be remanded under sentence six so that plaintiff may advance new evidence, material to the ALJ's disposition of this case, with good cause, plaintiff failed to incorporate in prior proceedings. (Docket no. 14, at 10-13.)

### 1. *The ALJ's Assessment of Plaintiff's RFC*

Plaintiff asserts that the substantial evidence of record does not support the ALJ's RFC finding that Plaintiff can perform sustained work activities at a limited medium exertional level. (Docket no. 14 at 3-10.) Defendant counters that there was no error in the ALJ's RFC determination where the objective medical evidence did not support Plaintiff's claims of disabling limitations and her RFC finding relied upon the state agency physician's assessments, which were the only opinions of functional limitations in the record and were consistent with and supported by medical records. (Docket no. 16 at 16-19.)

The RFC assessment is the Commissioner's ultimate finding about the claimant's ability to perform work-related activities. Social Security Ruling (SSR) 96-5p, 1996 WL 374183, at *5. It is defined as the most, not the least, the claimant can do despite his impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ derives the RFC after considering the medical and other relevant evidence in the record. *Id*. She must support the RFC by including a narrative discussion describing how the evidence supports his conclusions and providing citations to specific medical facts and nonmedical evidence. SSR 96-8p, 1996 WL 374184, at *7. In determining the RFC, the ALJ must discuss the claimant's ability to perform sustained work activities in an ordinary setting on a regular and continuing basis. *Id.* The ALJ may adopt an opinion of a medical or nonmedical source in whole or in part if he finds that it is supported by and not inconsistent with the other substantial evidence of record. However, at all times the

6

ultimate responsibility for fashioning the RFC rests with the ALJ, who has an obligation to determine the RFC based on the evidence he finds credible.

Plaintiff specifically disputes the ALJ's finding that he had no limitations with regard to his ability to stand or walk. (Docket no. 14 at 4.) Plaintiff argues that all of the evidence in the record, including that which the ALJ purportedly relied upon, showed that Plaintiff had substantial limitations in the use of his legs, particularly his left leg. (Docket no. 14 at 4.) Although there is much overlap between the evidence cited by Plaintiff and that referenced by the ALJ (*compare id*. at 5-10 *with* TR 14-18), to the extent that Plaintiff argues that the ALJ should have explicitly discussed the exact same evidence that Plaintiff cites in his brief, his argument fails, as it is axiomatic that an ALJ need not discuss every piece of evidence in the record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (citation omitted).

Notably, and contrary to Plaintiff's urging, the ALJ was precluded from extrapolating functional limitations from the raw medical data regarding his ankle which Plaintiff cites as support for remand. Courts have stressed the importance of medical opinions to support a claimant's RFC, and have cautioned ALJs against relying on their own expertise in drawing RFC conclusions from raw medical data. *Allen v. Comm'r of Soc. Sec.,* 2013 WL 5676254, at 15 (E.D.Mich. Sept. 13, 2013)*; See Wyatt v. Comm'r of Soc. Sec*., 2013 WL 4483074, at * 16 (E.D.Mich. Aug.19, 2007) ("ALJ RFC determinations must be supported by medical opinions.") (citation omitted); *Isaacs v. Astrue*, 2009 WL 3672060, at *10 (S.D.Ohio Nov.4, 2009) ("The residual functional capacity opinions of treating physicians, consultative physicians, and medical experts who testify at hearings are crucial to determining a claimant's RFC because '[i]n making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional

terms.'") (quoting *Deskin v. Comm'r Soc. Sec.*, 605 F.Supp.2d 908, 912 (N.D.Ohio 2008)); *see also Nguyen v. Chater,* 172 F.3d 31, 35 (1st Cir.1999) ("As a lay person,…the ALJ was simply not qualified to interpret raw medical data in functional terms and no medical opinion supported the [RFC] determination."). The only medical opinions regarding functional limitations were those provided by Dr. Nelson, which the ALJ adopted within the RFC. Accordingly, based upon the record evidence, the ALJ assessed Plaintiff's RFC the only way she could. *See Allen*, 2013 WL 5676254, at *16.

Furthermore, the ALJ acknowledged Plaintiff's complaints about his inability to stand or walk, and found them to be not entirely credible. (TR 18.) "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r*, 127 F.3d 525, 531 (6th Cir. 1997). But credibility assessments are not insulated from judicial review. Despite the deference that is due, such a determination must nevertheless be supported by substantial evidence. *Id.* An ALJ's credibility determination must contain "specific reasons . . . supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96–7p. "It is not sufficient to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" *Id.* "[T]he adjudicator may find all, only some, or none of an individual's allegations to be credible" and may also find the statements credible to a certain degree. *Id.*

Further, to the extent that the ALJ found that Plaintiff's statements are not substantiated by the objective medical evidence in the record, the Regulations explicitly provide that "we will

not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). The ALJ will consider: (1) the claimant's daily activities, (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms, (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms, (5) treatment, other than medication, for symptom relief, (6) any measures used to relieve the symptoms, and (7) functional limitations and restrictions due to the pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see also Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994) (applying these factors).

In reaching her credibility determination, the ALJ noted Plaintiff's admitted activities of daily living: helping around the house with chores, visiting friends and family, climbing the stairs to get into his home, helping care for his three dogs, and showering without difficulty. (TR 18.) The ALJ noted plaintiff had not sought treatment for pain relief, aside from medication. (TR. 17-18.) Further, the ALJ found that plaintiff's continued failure to comply with medical advice negatively impacted his credibility with regard to the severity of his symptoms. (TR. 17).) The ALJ also noted that no physician imposed any work-preclusive functional limitations on Plaintiff or opined that Plaintiff was completely disabled and gave significant weight to Dr. Nelson's assessments of claimant's retained functionality. (TR. 18.)

As discussed above, the ALJ provided specific reasons for discounting Plaintiff's credibility in her decision, applying the factors set forth in 20 C.F.R. § 416.929(c)(3). Thus, the ALJ's decision is sufficiently specific to make clear to Plaintiff and to the Court the weight that he gave to Plaintiff's statements and the reasons for that weight. The ALJ's assessment of

9

Plaintiff's credibility, and his RFC, are supported by substantial evidence and should not be disturbed; Plaintiff's Motion should be denied in this regard.

### 2. *Sentence Six Remand*

Plaintiff argues that he is entitled to a remand to present a pulmonary function report issued in March 2013. Under sentence six of 42 U.S.C. § 405(g), plaintiff has the burden to demonstrate that this evidence is "new" and "material" and that there is a "good cause" for failing to present this evidence in the prior proceeding. *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 598 (6th Cir. 2005). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486. "Good cause" is not established solely because the new evidence was not generated until after the ALJ's decision; the Sixth Circuit has taken a "harderline" on the good cause test. *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d964, 966 (6th Cir. 1986); *see also Perkins v. Apfel*, 14 Fed. Appx. 593, 598-99 (6th Cir. 2001). A plaintiff attempting to introduce new evidence must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Hollon*, 447 F.3d at 485; *see also Brace v. Comm'r of Soc.Sec.*, 97 Fed. Appx. 589, 592 (6th Cir. 2004) (claimant's decision to wait and schedule tests just before the hearing with the ALJ did not establish good cause); *Cranfield v. Comm'r of Soc. Sec.*, 79 Fed. Appx. 852, 859 (6th Cir. 2003). Additionally, in order to establish materiality, plaintiff must show that the introduction of the new evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Sizemore v. Sec. of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988); *Hensley v. Comm'r of Soc. Sec.*, 214 Fed. Appx. 547, 550 (6th Cir. 2007).

Even if Plaintiff could establish "good cause," he has failed to establish that the records are "material," and thus has failed to meet his burden for a sentence six remand. To establish "materiality," plaintiff must explain how the introduction of the new evidence would have reasonably persuaded the Commissioner to reach a different conclusion. The additional records do not contain any opinions on plaintiff's functional ability. Plaintiff fails to point to any evidence in the record of limitations resulting from chronic obstructive pulmonary disease. A mere diagnosis of a disease is not indicative of disabling functional limitations or even the existence of a severe impairment. *See Despins v. Comm'r of Soc. Sec.*, 257 F. App'x 923, 930 (6th Cir. 2007) ("The mere existence of those impairments, however, does not establish that Despins was significantly limited from performing basic work activities for a continuous period of time."); *Higgs v.Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("[M]ere diagnosis of arthritis . . . says nothing about the severity of the condition."). Accordingly, the pulmonary function report plaintiff seeks to present after remand would not have persuaded the Commissioner to reach a different conclusion; the undersigned concludes that plaintiff has failed to meet his burden to demonstrate that the evidence is "material." Accordingly, a sentence six remand is not appropriate.

## VI.     CONCLUSION

For the reasons stated herein, the Court should DENY Plaintiff's Motion for Summary Judgment (docket no. 14) and GRANT Defendant's Motion for Summary Judgment (docket no. 16).

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided

for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 16, 2016           s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: August 16, 2016           s/ Lisa C. Bartlett
                                 Case Manager