UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE A. HAMMOND,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

Case No. 15-cv-12959
Hon. Matthew F. Leitman

**<u>OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #18), (2) ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION, (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #14), AND (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #16)</u>**

In this action, Plaintiff Steve A. Hammond ("Hammond") alleges that the Social Security Administration (the "SSA") wrongly denied his application for Social Security disability benefits. After the parties filed cross-motions for summary judgment, the assigned Magistrate Judge issued a Report and Recommendation (the "R&R") in which she recommends that the Court (1) grant summary judgment in favor of the Defendant, the Commissioner of Social Security (the "Commissioner"), and (2) deny Hammond's motion for summary judgment. (*See* ECF #17.) Hammond filed timely objections to the R&R (the "Objections"). (*See* ECF #18.) The Court has conducted a *de novo* review of the portions of the R&R to which Hammond has

objected. For the reasons stated below, the Court **OVERRULES** the Objections, **ADOPTS** the Magistrate Judge's recommended disposition of the case, **GRANTS** the Commissioner's motion for summary judgment, and **DENIES** Hammond's motion for summary judgment.

## RELEVANT FACTUAL BACKGROUND

On March 26, 2013, Hammond filed an application for Social Security disability insurance benefits (the "Application"). (*See* Admin. R., ECF #11-3 at 3-4, Pg. ID 89-90.) In the Application, Hammond claimed that he had been disabled since January 29, 2013, due to a broken ankle and foot and blood clots in his leg. (*Id.*) The SSA denied the Application on August 7, 2013, on the ground that Hammond was not disabled. (*See* ECF #11-2 at 11, Pg. ID 43; *see also* ECF #11-4 at 4, Pg. ID 101.) On September 9, 2013, Hammond filed a written request for a *de novo* hearing before an administrative law judge. (ECF #11-2 at 1, Pg. ID 43.) On December 29, 2014, Administrative Law Judge Lisa Leslie (the "ALJ") conducted a *de novo* hearing on the Application. (*Id.*) Hammond appeared at the hearing with counsel and testified in support of his claim for benefits.

On March 9, 2015, the ALJ issued a written decision denying Hammond's claim for benefits (the "ALJ's Decision"). (*See* ECF #11-2 at 11-21, Pg. ID 43-53.) The ALJ first applied the SSA's required five-step sequential analysis to determine

whether Hammond was disabled.[1] (*Id.*) Under the first three steps of this disability analysis, the ALJ concluded that:

> (1) "[Hammond] has not engaged in substantial gainful activity since January 29, 2013,"
>
> (2) "[Hammond] has the following severe impairments: status post facture of the ankle and foot, and chronic venous insufficiency," and
>
> (3) "[Hammond] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404" that would presumptively entitle him to benefits.

(*Id.* at 13-14, Pg. ID 45-46.)

The ALJ then assessed Hammond's residual functional capacity ("RFC"), which represents the "most [a claimant] can still do despite [his] limitations." *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006) (quoting 20 C.F.R. § 404.1545(a)(1)). The ALJ concluded that Hammond had the RFC "to perform medium work as defined in 20 CFR 404.1567(c) except the claimant can frequently climb stairs or ramps, balance, stoop, kneel, crouch or crawl, and can occasionally climb ladders, ropes or scaffolds." (*Id.* at 13-18, Pg. ID 46-51.)

---

[1] The SSA's five-step analysis is codified in 20 C.F.R. §§ 404.1520, 416.920 and is provided in the R&R. (ECF #17 at 4-5, Pg. ID 777-78.)

Applying her assessment of Hammond's RFC, the ALJ made the following findings under steps four and five of the SSA's disability analysis:

> (4) "[Hammond] is unable to perform any past relevant work," and
>
> (5) "Considering [Hammond]'s age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [he] can perform."

(*Id.* at 19-21, Pg. ID 51-53.) Because of her finding at step five of the analysis that Hammond was capable of making a successful adjustment to other available work, the ALJ concluded that Hammond was not disabled, as defined in the Social Security Act, and was therefore not entitled to benefits. (*Id.*)

On August 20, 2015, Hammond filed this action challenging the ALJ's Decision and seeking remand for additional consideration by the ALJ. (*See* Compl., ECF #1.) Hammond and the Commissioner then filed cross-motions for summary judgment. (*See* Pl.'s Mot. Summ. J., ECF #14; Def.'s Mot. Summ. J., ECF #16.) In his motion for summary judgement, Hammond asserts two separate grounds for remand. First, he seeks a remand under sentence four of 42 U.S.C. § 405(g) on the ground that "the ALJ's RFC finding was not supported by substantial evidence." (*See* ECF #14 at 8, Pg. ID 730.) Second (and in the alternative), he seeks a remand under sentence six of 42 U.S.C. § 405(g) for consideration of new evidence that is attached to his motion. (*See id.* at 14, Pg. ID 737.)

4

The Court referred the cross-motions to the assigned Magistrate Judge, and on August 16, 2016, she issued the R&R in which she recommends that the Court grant the Commissioner's motion and deny Hammond's motion. (*See* the R&R, ECF #17 at 1, Pg. ID 774.)  On August 30, 2016, Hammond timely filed the Objections. (*See* ECF #18.)  Hammond made two numbered objections to the R&R:

1. The Magistrate Judge erred in concluding that the ALJ's RFC assessment is supported by substantial evidence in the record.

2. The Magistrate Judge erred in concluding that the new evidence submitted with Hammond's complaint would not have persuaded the Commissioner to reach a different conclusion.

(*Id* at 1-7, Pg. ID 786-92.)

## GOVERNING LEGAL STANDARD

When a party has objected to portions of a Magistrate Judge's R&R, the Court reviews those portions *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *see also Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004).  The Court has no duty to conduct an independent review of the portions of the R&R to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

In reviewing the disputed findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and are made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial

evidence, shall be conclusive . . . ."). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247. "[A] court is obligated to remand for further administrative proceedings if there are any unresolved essential factual issues." *Meehleder v. Comm'r of Soc. Sec.*, 2012 WL 3154968, at *2 (E.D. Mich. Aug. 2, 2012) (citing *Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994)).

## ANALYSIS

**A.  Hammond's First Objection is Overruled Because He Has Failed to Show That the RFC Was Not Supported by Substantial Evidence**

In the R&R, the ALJ determined that Hammond had the capacity to perform "medium work" and rejected Hammond's contention that he could perform only "light work." (ECF #11-2 at 14, Pg. ID 46.) In support of that conclusion, the ALJ carefully reviewed the admitted medical evidence and determined that "[t]he record contained no objective evidence to support" Hammond's "allegations" that he suffered from "extreme limitations that would prevent [him] from returning to full time, gainful employment." (*Id.* at 14-19, Pg. ID 46-51.) The ALJ also assigned "significant weight" to a report by non-examining consultant Robert Nelson, M.D.

("Dr. Nelson"), in which Dr. Nelson opined that Hammond could generally "perform the full range of medium work."[2] (*Id.* at 18, Pg. ID 51.) Hammond offers three criticisms of the ALJ's RFC assessment (and, in turn, the Magistrate Judge's determination that the assessment was supported by substantial evidence), but none undermine the solid foundation of that assessment described above. (ECF #18 at 1-5, Pg. ID 786-790.)

Before turning to Hammond's three specific criticisms, the Court addresses a fundamental error underlying Hammond's entire objection to the RFC determination. Before stating the three criticisms that make up his objection, Hammond says: "There is no dispute that, under Defendant's Regulations, [the ALJ's finding that Hammond could perform medium work] includes a conclusion that [Hammond] had *no* limitation in his ability to use is legs, either to stand or walk or to push and pull leg controls." (ECF #18 at 1-2, Pg. ID 786-87; emphasis added.) That is incorrect. A finding that a claimant can perform medium work plainly does not include a conclusion that the claimant has *no* limitations in the ability to use his legs. The definition of medium work requires that an individual be able to complete a "good deal of walking or standing" or, if the job entails much sitting, that he be

---

[2] Notably, Hammond never offered a report from any medical professional contradicting Dr. Nelson's conclusion that Hammond could perform medium work. Indeed, Hammond did not present the ALJ with any opinion evidence from any health care provider concerning the level of work he could perform or whether he was disabled.

7

able to perform "some pushing and pulling of arm controls." 24 CFR §404.1567. An individual may have some minor limitation in the ability to use his legs but still retain the ability to do a good deal of walking or standing. For instance, one can easily envision an individual who has some mild limitation in both the flexibility and strength of his legs but who is nonetheless able to do a good deal of walking or standing.

The bottom line is: contrary to Hammond's assertion, the ALJ did not necessarily find that Hammond had *no* limitation in the ability to use his legs when she found that he could perform medium work. Thus, Hammond does not undermine the ALJ's RFC determination by showing – as he attempts to do – that he did, indeed, have *some* limitation on the ability to use his legs. The relevant question is whether any such limitation interfered with his ability to perform medium work. Substantial evidence supports the ALJ's conclusion that Hammond's claimed limitations did not.

The Court will now turn to Hammond's specific criticisms of the ALJ's RFC determination. First, Hammond argues that the ALJ "complete[ly] disregard[ed]" a finding by physical therapists that Hammond's "plantar flexion strength" was scored at "3-4/5" and that Hammond had "decreased joint mobility throughout the talonavicular joint and navicular cuneiform." (ECF #18 at 2-3, Pg. ID 878; *see also* ECF #14 at 11, Pg. ID 733.) Hammond argues that these findings "document [his]

8

ongoing impairment in standing and walking, contrary to the ALJ's conclusion that he had absolutely no limitation." (ECF #18 at 2, Pg. ID 787.) The Court disagrees. Hammond's argument is missing a critical link. He has not pointed to any objective medical evidence that supports his assertion that the conditions identified by the physical therapists necessarily impacted Hammond's ability to do medium work. If the therapists had drawn a connection between the conditions they observed and a decrease in Hammond's ability to walk or stand to the extent required for medium work, Hammond could, perhaps, fairly criticize the ALJ for not giving additional consideration to their observations. On this record, this Court does not agree with Hammond that the ALJ was obligated to treat the physical therapists' observations described above as objective medical evidence supporting a finding that Hammond could perform only light work.

Second, Hammond objects that the ALJ erroneously described some of the medical evidence in the record and that the Magistrate Judge both failed to detect the ALJ's mischaracterizations and made additional errors when describing the record. (ECF #18 at 3-4, Pg. ID 788-89.) Hammond places special emphasis on the ALJ's allegedly inaccurate description of medical findings made in connection with a medical examination in January 2013. (*Id* at 4, Pg. ID 789.) In the portion of the ALJ's Decision at issue, the ALJ said that the examiner found that Hammond had "normal strength and stability" in his left ankle. (ECF #11-2 at 16, Pg. ID 48.)

9

Hammond says that the "actual examination notes state that examination of range of motion and motor strength were 'Deferred.'" (ECF #18 at 4, Pg. ID 789; capitalization in original.) Hammond is wrong. The treatment notes unmistakably reflect precisely what the ALJ said: that an examination of Hammond's left ankle revealed "normal strength and stability." (ECF #11-7 at 9, Pg. ID 257.) The notes reflect that the examiner "deferred" an examination of Hammond's left *foot,* not his left *ankle*. (*Id*.) Simply put, the ALJ accurately cited examination notes that undermine Hammond's claim that his allegedly-disabling *ankle* injury was, in fact, disabling. And, while Hammond has pointed out a few isolated instances in which either the ALJ or Magistrate Judge may not have described certain other medical records in an entirely accurate manner, he has failed to show that any of these inaccuracies establish a lack of substantial evidence for the ALJ's RFC determination.

Finally, Hammond complains that the ALJ and Magistrate Judge improperly reached the "false and irrelevant [conclusion] that [he] had not sought pain treatment aside from medication." (ECF #18 at 4, Pg. ID 789.) In the portion of the ALJ Decision's at issue, the ALJ said:

> In spite of allegations of disabling pain, the claimant reports no current use of biofeedback, iontophoresis, a morphine pump, acupuncture, massage therapy, braces or splints, special creams or ointments, chiropractic adjustments, or anything similar for pain relief. Severe chronic pain often results in certain observable

10

> manifestations, such as muscular atrophy due to muscle guarding, muscular spasms, prolonged bed rest, or adverse neurological signs. In the present case, no such manifestations exist. The record does not show the presence of any pathological clinical signs, significant medical findings, or significant neurological abnormalities that would establish the existence of a pattern of pain of such severity as to prevent the claimant from engaging in any work on a sustained basis.

(ECF #11-2 at 18-19, Pg. ID 50-51.) Hammond argues that this passage erroneously "disregards that the severity of [his] ankle injury required repair surgery on March 12, 2013, further surgery to remove the hardware, and ongoing physical therapy between and after these surgeries." (ECF #18 at 4-5, Pg. ID 789-90.) But the fact that Hammond had surgeries and obtained therapy does not undermine the ALJ's observation quoted above that the record lacked much of the evidence that one would expect to see if a claimant was truly experiencing severe pain. Thus, Hammond's third criticism of the ALJ's RFC determination fails to show that the RFC was not supported by substantial evidence.

For all of these reasons, Hammond's first objection is overruled.

**B.   Hammond's Second Objection is Overruled Because He is Not Entitled to a Sentence Six Remand**

In his motion for summary judgment, Hammond sought a remand to the ALJ for consideration of new evidence pursuant to sentence six of 42 U.S.C. § 405(g). (*See* ECF #14 at 10, Pg. ID 737.) This new evidence is a pulmonary function test report dated March 6, 2015 (the "Report") (*see* ECF #14-1 at 1, Pg. ID 742) – 45

days after the ALJ closed the record and three days before she issued her written decision. (*See* ECF #11-2 at 30-32, Pg. ID 62-64; *see also* ECF #11-2 at 11-21, Pg. ID 43-53.)

In his motion, Hammond properly recognized that sentence six of 42 U.S.C. § 405(g) allows a court to remand a case to the Commissioner for consideration of new evidence "only upon a showing that there is new evidence that is material and that there is good cause for the failure to incorporate such evidence into the record." (ECF #14 at 15-16, Pg. ID 737-38 (citing 42 U.S.C. §405(g)).) Hammond also recognized his obligation to show that these two requirements are met. (*Id*.) In an attempt to show good cause for not submitting the Report to the ALJ, Hammond argues as follows:

> Further, that fact that this testing was performed only three days before the ALJ issued her decision shows that it could not have reasonably been obtained and submitted before she issued her decision. The Court should note that Plaintiff accurately testified at the hearing that this was set to be performed in March. Even knowing that, however, the ALJ did not wait to obtain the results but proceeded to issue her decision.

(ECF #14 at 13, Pg. ID 740.)

The Magistrate Judge recommended that the Court decline to remand, but she did not reach the good cause issue. (*See* ECF #17 at 11-12, Pg. ID 784-785.) Instead, she determined that Hammond had failed to show that the Report is material. (*Id*.) In his Objections, Hammond argues that the Report was material and that the

Magistrate Judge erred in recommending against a sentence six remand. (*See* ECF #18 at 5-7, Pg. ID 790-92.) The Court agrees with the Magistrate Judge's conclusion that Hammond has failed to show that he is entitled to a remand, but the Court's reaches that conclusion through different reasoning. The Court concludes that Hammond failed to demonstrate good cause for his failure to submit the Report to the ALJ.

As the Magistrate Judge correctly stated, the Sixth Circuit has taken a "harder line" on the good cause requirement of 42 U.S.C. § 405(g). *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). It is not sufficient for the claimant to show solely that the evidence was generated after the ALJ's decision. *See id*. The claimant must also explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Hollen v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006). Moreover, the Sixth Circuit has held that a claimant fails to show good cause where he waits to schedule a test until just before a hearing on his application for benefits and was thus not in a position to present the test result to the ALJ. *See Brace v. Comm'r of Soc. Sec.,* 97 Fed. App'x 589, 592 (6th Cir. 2004).

In this case, the ALJ engaged in a lengthy colloquy with Hammond's counsel concerning the need to keep the record open to allow Hammond to submit additional medical records and/or test results. (*See* ECF #11-2 at 30-32, Pg. ID 62-64.) During

13

this discussion, the ALJ specifically asked Hammond's counsel which additional materials Hammond wished to submit and agreed to keep the record open to receive the items identified by counsel. (*See id.*) Notably, even though Hammond knew that he had scheduled the pulmonary function test for after his hearing before the ALJ, *his attorney did not ask the ALJ to keep the record open to receive those results. Nor did Hammond's counsel express any desire for the ALJ to consider the Report.* (*See id.*) Under these circumstances, the Court cannot find that Hammond had good cause for his failure to submit the Report to the ALJ.

Indeed, the record refutes Hammond's argument as to why he had good cause for failing to submit the Report to the ALJ. Hammond insists that the Report could not have been obtained and submitted before the ALJ issued her decision, but that is precisely what would have happened if Hammond's counsel had simply mentioned the forthcoming Report when the ALJ asked if she needed to keep the record open so that she could receive additional evidence. Because Hammond cannot show good cause, he is not entitled to a sentence six remand. Accordingly, Hammond's second objection is overruled.

## **CONCLUSION**

For the reasons stated above, **IT IS HEREBY ORDERED** that

- Hammond's Objections to the R&R (ECF #17) are **OVERRULED**;
- The Magistrate Judge's recommended disposition in the R&R is **ADOPTED**;

14

- Hammond's Motion for Summary Judgment (ECF #14) is **DENIED**; and

- The Commissioner's Motion for Summary Judgment (ECF #16) is **GRANTED**.

                                      s/Matthew F. Leitman
                                      MATTHEW F. LEITMAN
                                      UNITED STATES DISTRICT JUDGE

Dated:  September 30, 2016

     I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2016, by electronic means and/or ordinary mail.

                                      s/Holly A. Monda
                                      Case Manager
                                      (313) 234-5113